FILED

FEB 21 2019

Clerk, U S District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOSHUA ABRAM DISKIN,<br><br>Defendant. | CR 17-60-BLG-SPW<br><br>ORDER EXCLUDING EXPERT |

Before the Court is Defendant Joshua Abram Diskin's motion to exclude the government's drug dog expert from the suppression hearing scheduled for February, 22, 2019. (Doc. 102). Diskin argues the expert should be excluded because the government's disclosure was untimely.

Rule 16 requires the government to disclose, at the defendant's request, a summary of any expert witness testimony the government intends to use during its case-in-chief as well as "the bases and reasons for those opinions," the data and scientific reports supporting the opinions, and other expert documents. *United States v. W.R. Grace*, 526 F.3d 499, 513 (9th Cir. 2008) (citing Fed. R. Crim. P.

16(a)(1)(E-G)). District courts may enforce discovery deadlines with appropriate orders, including the exclusion of untimely produced evidence. *W.R. Grace*, 526 F.3d at 513 (citing Fed. R. Crim. P. 16(d)(2)). Rule 16 grants district courts "broad discretion to fashion remedies for the violation of [their] discovery orders." *United States v. Spillone*, 879 F.2d 514, 522 (9th Cir. 1989). The sanction should not be "harsher than necessary to accomplish the goals of Rule 16." *United States v. Gee*, 695 F.2d 1165, 1169 (9th Cir. 1983). District courts have "inherent power, exercisable under appropriate circumstances, to assure the proper and orderly administration of criminal justice." *W.R. Grace*, 526 F.3d at 510 (quoting *United States v. Jackson*, 508 F.2d 1001, 1007 (7th Cir. 1975)).

Here, Diskin requested disclosure of expert testimony on September 22, 2017. (Doc. 19). Discovery was due September 27, 2017. (Doc. 17). On Diskin's request, the trial was continued multiple times after that. On July 5, 2018, Diskin filed a suppression motion and requested a hearing. (Doc. 37). The suppression hearing was rescheduled multiple times because Diskin's counsel was subsequently substituted twice. (Docs. 58, 76). The hearing was finally set for February 22, 2019. On January 3, 2019, Diskin notified the government he would present a drug dog expert at the suppression hearing. (Doc. 104 at 2). On January 10, 2019, Diskin sent his drug dog expert report to the government. (Doc. 104 at 2). On February 14, 2019, the government filed a notice that it was presenting a

drug dog expert at the suppression hearing. (Doc. 97). On February 15, 2019, the government sent its drug dog expert report to Diskin. (Doc. 104 at 3).

Diskin argues the government's late disclosure runs afoul of Rule 16 and this Court's scheduling order, and prejudices his suppression motion. The government responds its late disclosure was because it could not locate its expert.

A few things are worth pointing out here. First, the discovery deadline has long since passed. But by its terms, discovery required under Rule 16 is relegated to evidence the government intends to call in its case-in-chief. Drug dog expert testimony is unique in that it is generally relevant only to suppression issues, not to guilt or innocence. There is no reason to hire a drug dog expert until the issue is raised in a motion to suppress, which usually occurs much later than the discovery deadline. Second, the government would not have reason to find a drug dog expert until Diskin hired one and produced an expert report. So for purposes of Diskin's motion to exclude, the Court is not operating under Rule 16 but instead under its inherent authority to assure the proper and orderly administration of criminal justice.

Diskin produced his drug dog expert's report on January 10, a full six weeks before the suppression hearing. Even allowing the government some leeway, it should not have taken until only a week before the hearing to locate its expert and produce a report. The Court was able to locate the expert within minutes with an

internet search. Under the circumstances and the Court's inherent authority to control the administration of justice, the Court holds the government's late disclosure prejudices Diskin. The government's drug dog expert is excluded from the suppression hearing.

DATED this 21st day of February, 2019.

*Susan P. Watters*
SUSAN P. WATTERS
UNITED STATES DISTRICT JUDGE